UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **PATRICIA OLSON,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. ___3:18-cv-177-TBR___ |
| **LIFE INSURANCE COMPANY of NORTH AMERICA,** | |
| **Defendant.** | |

## COMPLAINT

### Introduction

1.      This Complaint seeks all available legal and equitable relief arising from and relating to disability benefits provided by an insurance policy issued, administered, and insured by Defendant.

2.      The headings in this Complaint are provided solely to assist in reviewing the statements and allegations contained herein.

3.      The factual allegations contained herein are not exhaustive and are intended to provided Defendant with the requisite notice of Plaintiff's claims.

### Jurisdiction & Venue

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5.      Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

**Parties**

6.     Plaintiff Patricia Olson ("Ms. Olson") is a citizen of the United States and an insured participant under the disability and life insurance policies at issue in this lawsuit.

7.     Defendant Life Insurance Company of North America ("LINA") is the underwriter, insurer, and administrator of the long-term disability insurance policy at issue in this lawsuit.  At all relevant times, LINA was doing business within the Commonwealth of Kentucky and may be found in this district.

**Facts**

8.     Ms. Olson is insured under a group long term disability insurance policy ("LTD Policy") underwritten and issued by LINA.  The LTD Policy provides a disability benefit in the event Ms. Olson is physically restricted from engaging in full-time gainful employment.

9.     In July 2013, Ms. Olson ceased working in her sedentary occupation because of her physical restrictions and limitations, which prevented her from engaging in full-time gainful employment.  Subsequent to ceasing work, Ms. Olson has remained functionally unable to engage on a full-time basis in any gainful sedentary, or greater, strength level employment.

10.     Ms. Olson submitted a claim to LINA for monthly income benefits under the LTD Policy.  After she satisfied the waiting period, LINA agreed Ms. Olson satisfied the LTD Policy definition of disability and provided her with monthly income benefits.

11.     LINA continued to provide Ms. Olson with the monthly income benefits until July 16, 2015, at which time LINA terminated Ms. Olson's claim.  Ms. Olson appealed LINA's decision.  Upon review, LINA reversed its position and again began providing Ms. Olson with the monthly income benefits.

12.     Subsequent to approving her benefits for a second time, on December 16, 2015,

LINA again terminated Ms. Olson's claim effective January 7, 2016 – the date the LTD Policy's definition of disability transitioned to any occupation.  Ms. Olson appealed LINA's decision. Upon review, LINA again reversed its position and began providing Ms. Olson with the monthly income benefits under the LTD Policy's any occupation definition of disability.

13.     In February 2017, in a continuing pattern and without any improvement in her physical limitations and restrictions, LINA again terminated Ms. Olson's monthly income benefits.

14.     In total, LINA agreed Ms. Olson met the LTD Policy definitions of disability – first own occupation and then any occupation – and provided her with monthly income benefits for over 37 months (not including the 6-month elimination period she also satisfied).

15.     Ms. Olson appealed LINA's February 2017 decision to terminate her monthly income benefits, but this time LINA denied her appeal.   As such, Ms. Olson exhausted her administrative remedies.

16.     The LTD Policy does not contain a clear and unambiguous grant of discretion.

17.     At all times relative hereto, LINA was operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Olson are paid from LINA's assets.

18.     LINA's corporate culture pressures claims personnel to deny claims in order to reduce the amount of monthly benefits paid.  Employees who save LINA money by terminating or denying claims are more likely to be rewarded with bonuses, promotions, and favorable employment reviews as compared with those who do not.  By way of example, LINA employees are subject to production metrics that are based on claim closure (return to work).

19.     Ms. Olson's complaint is timely and not otherwise time barred.

## Claims

20.     The LTD Policy is a written contract to which LINA and Ms. Olson are parties.

21.     LINA breached the terms of the contract. By way of example, and not an exhaustive list, LINA failed to provide the respective policy LTD benefits and ignored relevant medical evidence.

22.     LINA's contractual breaches have damaged Ms. Olson, not only in the loss of her LTD benefits, but also in her loss of earnings on the unpaid LTD benefits, her lost opportunity costs, and her attorneys' fees and costs incurred as a result of LINA's improper actions.

23.     LINA has similarly failed to comply with the Department of Labor claim regulations, as well as statutory requirements, that it provide a full-and-fair claims process.

24.     29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Olson to enforce the contractual terms of the insurance policies, to obtain past benefits, to receive reinstatement for payment of her LTD benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

## Attorneys' Fees & Costs

25.     As a result of LINA's conduct, Ms. Olson has incurred attorneys' fees and costs.

26.     29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Olson to recover her attorneys' fees and costs.

## Prayer for Relief

27.     Ms. Olson requests the Court enter judgment in her favor and against LINA on all claims asserted herein.

28.     Ms. Olson requests the Court award her reasonable attorneys' fees and costs.

29.     Ms. Olson requests the Court award pre- and post-judgment interest at the greater of the prime rate or the rate earned by LINA on her unpaid LTD Policy benefits.

30.     Ms. Olson requests the Court award all other legal or equitable relief to which she may be entitled.

31.     Ms. Olson requests leave to amend the complaint as needed.

* * * * * * * * * *

Dated:   March 21, 2018                  Respectfully Submitted By:

                                         s/ Andrew M. Grabhorn
                                         Michael D. Grabhorn
                                         *m.grabhorn@grabhornlaw.com*
                                         Andrew M. Grabhorn
                                         *a.grabhorn@grabhornlaw.com*
                                         Grabhorn Law | Insured Rights™
                                         2525 Nelson Miller Parkway, Suite 107
                                         Louisville, Kentucky 40223
                                         p: (502) 244-9331
                                         f: (502) 244-9334

                                         *Counsel for Plaintiff*