UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PATRICIA OLSON                                                                                                       Plaintiff

v.                                                                                           Civil Action No. 3:18-cv-177-RGJ

LIFE INSURANCE COMPANY
OF NORTH AMERICA                                                                                                Defendant

\* \* \* \* \*

## ORDER

This matter comes before the Court on the Motion of the Defendant, Life Insurance Company of North America ("LINA"), to Transfer Venue to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). [DE 18, Def.'s Supp. Mot. Trans.].[1] The Plaintiff, Patricia Olson ("Olson") filed a Response. [DE 7, Pl.'s Resp. Mot. Trans.]. This matter is ripe for adjudication. For the reasons set forth below, the Court will **GRANT** Defendant's Motion to Transfer Venue.

This action arises out of Plaintiff's claim for long-term disability benefits from an insurance policy underwritten and issued by LINA. [DE 1, Pl.'s Compl., ¶8]. Plaintiff filed her claim pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f). [DE 1, Pl.'s Compl., ¶4].

Defendant requests transfer of venue for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a) and represents, via affidavit, that:

---

[1] Defendant's original Motion to Transfer Venue was filed on April 11, 2018. [DE 5]. Exhibits to that Motion were referenced, but not properly filed with the Motion. The Court requested Defendant to file a Supplemental Motion to Transfer to incorporate the corrected "Exhibit 1" and "Exhibit A" to its original Motion to Transfer Venue. *See* [DE 5, 8, 9, and 11]. While the substance of the Supplemental Motion to Transfer Venue [DE 18] is identical to the original Motion to Transfer Venue [DE 5], the exhibits have been corrected in the supplement. As such, there is no new substance that would necessitate any response to the Supplemental Motion to Transfer Venue from the Plaintiff.

(1) Plaintiff Olson resides in Denver, North Carolina, which is located in the Western District of North Carolina. [DE 18-2, Declaration of Richard Lodi ("Lodi Decl."), ¶5 and Ex. A].

(2) The employee welfare benefit plan that provided the benefits at issue in this action was established and administered by Plaintiff Olson's former employer, Mars, Inc. ("Mars"), which is headquartered in McLean, Virginia. [DE 18-2, Lodi Decl., ¶2].

(3) Plaintiff Olson's current attending physicians are located in Huntersville, North Carolina, which is in the Western District of North Carolina. [DE 18-2, Lodi Decl., ¶5].

(4) Defendant LINA, with its principal place of business in Philadelphia, Pennsylvania, administered Olson's long-term disability benefits through its Pittsburgh, Pennsylvania office in the Western District of Pennsylvania. [DE 18-2, Lodi Decl., ¶¶3-4].

(5) Plaintiff can show no connection to the Western District of Kentucky other than the fact that Plaintiff's counsel has an office located in Louisville, Kentucky. [DE 18, Def.'s Supp. Mot. Trans., at 11].

Plaintiff has not refuted the foregoing assertions and does not object to transfer to the Western District of North Carolina. [DE 7, Pl.'s Resp. Mot. Trans.].

Section 1404(a) of Title 28 provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A decision on whether to transfer lies within the broad discretion of the trial court. *Bunting ex rel. Gray v. Gray*, 2 Fed. App'x. 443, 448 (6th Cir. 2001). In ruling on a motion to transfer under Section 1404(a), a court should consider "the private interests of the parties, including their convenience and the convenience of potential

witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas, Co.*, 446 F. 3d 643, 647 at n.1 (6th Cir. 2006).

Venue in an ERISA action is proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). In cases under ERISA, a breach occurs where the benefits are to be received. *Keating v. Whitmore*, 981 F.Supp. 890, 892 (E.D. Pa. 1997); *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34-TBR, 2016 WL 1466559, *2 (W.D. Ky. Apr. 13, 2016) (citing *Keating*, 981 F.Supp at 892). Venue is proper in the Western District of North Carolina because that is where Olson would have received benefits, and thus, is the district where the breach took place. [DE 18, Def.'s Mot. at 2].

Kentucky's sole connection to this case appears to be the fact that Olson's counsel is located in Kentucky and chose to file this case in the Western District where his office is located. This Court has previously declined to afford counsel's location any weight. *See e.g.*, *Whitehouse v. Life Ins. Co. of N. Am.*, No. 3:15-cv-00639-TBR, 2015 WL 7587361, at 1 (W.D. Ky. No. 25, 2015) (collecting cases).

Based upon the foregoing undisputed assertions regarding the location of the Plaintiff's residence, her alleged disability and location of the witnesses, as well as the fact that Plaintiff does not object to transfer, the Court finds the standard for transfer pursuant to 28 U.S.C. § 1404(a) is met and it is in the interest of justice to transfer venue in this action for the convenience of parties and witnesses.

Accordingly, the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Motion of Defendant to Transfer Venue [DE 18] is **GRANTED**, and

3

this action is **TRANSFERRED** to the United States District Court for the Western District of North Carolina for all further proceedings.  The clerk shall transfer the action.